IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL SIEFKEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-046 |
| | ) | |
| STAN SHEPARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner Daniel Siefken, an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to file an answer to the petition on May 30, 2014, and Respondent filed an answer and a motion to dismiss the petition as untimely on July 28, 2014. (See doc. nos. 3, 6, 7.) Petitioner has responded with a motion to appoint counsel and a motion to stay the case until the Court rules on the motion to appoint counsel. (See doc. nos. 10, 11.)

This Court has already denied Petitioner's request for appointment of counsel in its May 30th Order. (See doc. no. 4, p. 3.) For the reasons discussed in that Order, the Court finds that Petitioner has still failed to demonstrate that he is entitled to appointment of counsel. The Court stated in that Order that federal habeas petitioners are not entitled to appointment of counsel. See United States v. Aviles, 380 F. App'x 830, 831 (11th Cir.

2010) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interests of justice or due process so require.") Additionally, the Court found that Petitioner had "not shown that his indigence prevents him from presenting the essential merits of his positions, which is the key consideration in determining whether appointment of counsel is justified." (Doc. no. 4, p. 3 (citing Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).) Petitioner now argues that he has "at best 45 minutes per week of access to the law library," he is a "laymen to the law with a below average IQ," and "the outcome of this case would most likely be different" with appointed counsel. (Doc. no. 11, pp. 1-3.) However, Petitioner has continued to show himself capable of communicating with the Court and has failed to show that any of these issues prevent him from presenting the essential merits of his position. Indeed, Petitioner has filed a response to the motion to dismiss. (Doc. no. 12.) Therefore, the Court **DENIES** Petitioner's second request for appointment of counsel, (doc. no. 11). Moreover, because Petitioner moved to stay the case until the Court rules on his motion to appoint counsel, the Court **DENIES AS MOOT** Petitioner's motion to stay, (doc. no. 10.)

SO ORDERED this 9th day of September, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA