IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL SIEFKEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-046 |
| | ) | |
| STAN SHEPARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition as untimely (doc. no. 7), which Petitioner opposes (doc. no. 12). As described in more detail below, the Court has determined that additional information is needed to resolve this motion.

**I. BACKGROUND**

On April 16, 2009, Petitioner pled guilty in the Superior Court of Treutlen County to four counts of child molestation. (Doc. no. 8-1, p. 16.) Petitioner received a total sentence of thirty years, consisting of ten years of incarceration and twenty years of probation. (Id. at 17.) Petitioner did not file a direct appeal following his conviction. (Doc. no. 1, p. 3.)

On February 7, 2011, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Lowndes County. (Doc. no. 8-2.) Petitioner moved to dismiss this petition and the state habeas court entered an order of voluntary dismissal on March 23, 2011. (Doc. no. 8-3.) On October 11, 2011, Petitioner filed a second petition for a writ of habeas corpus in the

Superior Court of Lowndes County. (Doc. no. 8-4.) Following a hearing, the state habeas court denied Petitioner's second petition on December 3, 2013. (Doc. no. 85.) The Georgia Supreme Court denied as untimely Petitioner's application for a certificate of probable cause to appeal the denial of his second petition on March 3, 2014. Siefken v. Danforth, No. S14H0644 (Ga. Mar. 3, 2014). The Georgia Supreme Court denied Petitioner's motion for reconsideration of the denial on April 10, 2014. Siefken v. Danforth, No. S14H0644 (Ga. Apr. 10, 2014). Petitioner executed the instant § 2254 petition on March 28, 2014. (Doc. no. 1.) Respondent asserts the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, it is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal, his April 16, 2009 Treutlen County conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on March 18, 2009, thirty-two days after the state court entered judgment on his guilty plea and sentenced him. Because the thirtieth day was a Saturday, the conviction became final on Monday May 18, 2009. See O.C.G.A. § 1-3-1(d)(3); Stancil v. Kendrix, 378 S.E.2d 417, 418 (Ga. Ct. App. 1989).

Petitioner initially filed his state habeas petition on February 7, 2011, but dismissed the petition and refiled it on October 11, 2011. Either date is more than a year after his convictions became final. Standing alone, a comparison of these two dates suggests that by the time Petitioner filed his state habeas petition, the one-year limitations period for filing a federal petition had already expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

However, the one-year statute of limitations does not run while any properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, despite Petitioner's assertion in his § 2254 petition that the only petition, application, or motion he filed with respect to his judgment was his

3

state habeas corpus petition, Petitioner now states that he filed a motion to modify sentence in the Superior Court of Treutlen County within one year of the date he was sentenced. (Cf. doc. no. 1, pp. 3-4 with doc. no. 12, p. 3.) Petitioner does not state when he filed the motion or whether the trial court ruled upon it. Therefore, it appears that Petitioner's motion to modify sentence was pending during the one-year limitations period for filing the instant petition. If Petitioner's motion was "properly filed" during the limitations period, see Artuz v. Bennett, 531 U.S. 4, 8 (2000), the application may have stayed the statute of limitations. See Wall v. Kholi, 131 S.Ct. 1278 (U.S. 2011); Baker v. McNeil, 439 F. App'x 786 (11th Cir. 2011). However, neither Petitioner nor Respondent has addressed the tolling implications, if any, of the motion to modify sentence. (See doc. nos. 7-1, 8.) Thus, the Court concludes that the timeliness of the instant § 2254 petition cannot be determined without further information regarding Petitioner's motion to modify sentence, and additional briefing is required.

### III. CONCLUSION

Within twenty-one days of the date of this Order, Respondent must file a brief, which shall not exceed ten pages, addressing the timeliness issue as it relates to Petitioner's motion to modify sentence. Petitioner shall then have twenty-one days to respond, with no more than ten pages, to Respondent's brief. Although the parties may include any other relevant information, they must specifically address four issues. First, on what date did Petitioner file his motion to modify sentence, and on what date, if any, did the trial court issue its ruling? Second, what was the controlling statute or rule pursuant to which Petitioner made his motion? Third, was Petitioner's motion to modify sentence "properly filed," i.e. was its delivery and acceptance "in compliance with the applicable laws and rules governing filings?" Artuz, 531 U.S. at 8. Fourth, does a motion to modify sentence constitute "collateral review" under § 2244(d)(2)? See Wall, 131 S.Ct. 1278; Baker, 439 F. App'x

786.

SO ORDERED this 21st day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA