IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL SIEFKEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-046 |
| | ) | |
| STAN SHEPARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition as untimely (doc. no. 7), which Petitioner opposes (doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.  BACKGROUND**

On April 16, 2009, Petitioner pled guilty in the Superior Court of Treutlen County to four counts of child molestation. (Doc. no. 8-1, p. 16.) Petitioner received a total sentence of thirty years, consisting of ten years of incarceration and twenty years of probation. (Id. at 17.) Petitioner did not file a direct appeal following his conviction. (Doc. no. 1, p. 3.)

On February 7, 2011, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Baldwin County. (Doc. no. 8-2.) Petitioner moved to dismiss this petition and the state

habeas court entered an order of voluntary dismissal on March 23, 2011. (Doc. no. 8-3.) On October 11, 2011, Petitioner filed a second petition for a writ of habeas corpus in the Superior Court of Lowndes County. (Doc. no. 8-4.) Following a hearing, the state habeas court denied Petitioner's second petition on December 3, 2013. (Doc. no. 85.) The Georgia Supreme Court denied as untimely Petitioner's application for a certificate of probable cause to appeal the denial of his second petition on March 3, 2014. Siefken v. Danforth, No. S14H0644 (Ga. Mar. 3, 2014). The Georgia Supreme Court denied Petitioner's motion for reconsideration of the denial on April 10, 2014. Siefken v. Danforth, No. S14H0644 (Ga. Apr. 10, 2014).

The instant § 2254 petition was signed by Petitioner on April 28, 2014 and filed by the Clerk of Court on May 28, 2014. (Doc. no. 1.) Respondent asserts the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.) In Petitioner's response to the motion to dismiss, he stated that he filed a motion to modify sentence in the Superior Court of Treutlen County within one year of the date he was sentenced. (Doc. no. 12, p. 3.) In an Order dated October 21, 2014, the Court found that the timeliness of the petition hinges on whether Petitioner's motion to modify sentence had a tolling effect on the statute of limitations period. (Doc. no. 15.) Because additional information was needed regarding Petitioner's motion and its tolling effect, if any, the Court directed the parties to file supplemental briefs addressing this issue. (Id.) Respondent has submitted a brief, (doc. no. 16), but the time to respond has passed and Petitioner has not submitted additional briefing. Respondent attached Petitioner's motion to modify sentence to his brief, showing that it was not filed within one year of the date Petitioner was sentenced, but instead was filed on March 8, 2011. (Doc. no. 17-1.) Thus, Respondent asserts, Petitioner's motion did not toll the statute of limitations period. (Doc. no. 16.)

## II. DISCUSSION

### A. Petitioner's § 2254 Petition is Untimely.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, it is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal, his April 16, 2009 Treutlen County conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on May 18, 2009, thirty-

3

two days after the state court entered judgment on his guilty plea and sentenced him.  Because the thirtieth day was a Saturday, the conviction became final on Monday, May 18, 2009.  See O.C.G.A. § 1-3-1(d)(3); Stancil v. Kendrix, 378 S.E.2d 417, 418 (Ga. Ct. App. 1989).

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  Here, Petitioner initially filed his state habeas petition on February 7, 2011, but dismissed the petition and refiled it on October 11, 2011.  (Doc. nos. 8-2, 8-3, 8-4.)  Either date is more than a year after his convictions became final.  Therefore, the one-year limitations period for filing a federal petition had already expired, meaning that no time period remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Nor did Petitioner's motion to modify sentence, filed on March 8, 2011, toll the one-year limitations period because it was filed almost two years after his convictions became final.  See id.; doc. no. 17-1. Therefore, the instant § 2254 petition is untimely, as it was filed by Petitioner over one year after the limitations period began to run.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Three exceptions may delay or reset the AEDPA one-year statute of limitations:  (1) a newly discovered factual predicate for a petitioner's claim that could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to

filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).  As explained above, Petitioner has not alleged facts that satisfy any of these three exceptions, and thus there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Id. at 1017.

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from filing his petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of December, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6