IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL SIEFKEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-046 |
| ) | |
| STAN SHEPHARD, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 20). The Magistrate Judge recommended dismissal of the petition because it was untimely. (See doc. no. 18.)

In his objections, Petitioner concedes that his petition is untimely, but, for the first time, asserts the delay was due to his lack of legal knowledge, the limited resources in the law library, the limited time he was allowed each week in the law library, and the fact that he did not receive discovery until July 2011. (Doc. no. 20, p. 4.) As the Magistrate Judge stated in his Report and Recommendation, for equitable tolling to prevent application of the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. (Doc. no. 18, p. 5.) Moreover, equitable tolling is available only in truly extraordinary circumstances. (Id.) To show diligence, Petitioner must provide details of the specific actions taken toward filing his

petition or acts by others that prevented him from timely filing his petition. See Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir.) opinion modified on reh'g, 459 F.3d 1310 (11th Cir. 2006).

Here, Petitioner does not provide any specifics as to how the alleged deficiencies in the law library or the time he was allowed there prevented the timely filing of his petition. With respect to purportedly not receiving discovery materials until July 2011, Petitioner does not detail any actions he took to obtain the discovery or even allege that he did not receive discovery until that time because of the actions of any other person. Absent any evidence Petitioner has been pursuing his rights diligently or any demonstration that an extraordinary circumstance prevented him from timely filing his federal petition, Petitioner's bare allegation that his untimeliness should be excused is insufficient to demonstrate equitable tolling.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 7th day of January, 2015, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.